Shaokeleord, J.,
delivered the opinion of tbe Court.
This suit was commenced in the Circuit Court of Union County, by the defendant in error, by an original attachment sued out against the plaintiff in error, as an absconding debtor.
The process was issued by the Clerk of the Circuit Court, on the 13th of April, returnable to that Court at Maynardville, to be held on the 1st Monday after the 2d Monday of May, 1865, and tested the 2d Monday of February, of that year.
The property of the defendant was attached, and returned by the Sheriff on the 13th of April, 1865. On the 30th of May, thereafter, the declaration of the defendant in error, with his account, which is an un-liquidated one, for goods, wares and merchandise, was filed. At the October Term, 1865, a judgment by default, was taken, and final judgment rendered, without the intervention of a jury, and a venditioni exponas ordered to issue. The record has been filed for error. The time fixed by law for holding the Court at May-nardville, is the 1st Monday after the 4th Mondays in May, September and January, in each year. It is assigned for error, the attachment being returnable to a time different from that fixed by law for holding the Court, the judgment is void — the plaintiff in error *203 having no notice of the proceedings of the suit. Such is not our opinion of the law governing this case.
The levying of the attachment, and notice by publication, is in lieu of the personal service of process. The declaration of the defendant in error, was filed at the regular term after the levying of the attachment, with the account.
At the October Term following, a judgment by default, was taken; that judgment recites publication was duly made.
The record does not show any amendment was made. Sections 2863, 2866 and 2867, of the Code, authorize all material amendments to be made. These sections of the Code are substantially the provisions of the Act of 1852, authorizing amendments in civil suits. This Court, in the construction of this Act, say: “The general rule in respect to Statutes of amendment and jeofails, is, that the amendment, in point of fact, need not be made.” The benefit of Statute is obtained by the Court’s overlooking the exception, or considering the amendment as made: 1 Sneed, 418; 3 Black. Com., 407; 1 Saund., 228, note 1.”
No bill of exceptions was filed in this cause. We are therefore bound, under the principle settled, to regard the amendment as having been made. By section 4516 of the Code, “no judgment, decision, or decree of the inferior court, shall be reversed in the f Supreme Court, except for errors which affect the merit of the judgment complained of.” This assignment of error falls within the principle provided by *204 the sections aforesaid, and is not such error which this Court can reverse.
The judgment final, rendered without the intervention of a jury, upon the papers filed, was error. Section 2952 of the Code, provides: “A judgment is final, if the amount of the plaintiff’s claim can be ascertained from the papers. When the amount cannot be obtained thus readily, the damages shall be ascertained by a jury, impanelled at the same term for the purpose.” The Court held, 3 Head, 313: “The term papers, in this section, refers to wfitness or other evidences upon which the action is founded, and not to the pleadings.” It was intended to apply to notes, bonds, bills, liquidated accounts, etc.; “any other construction would open a door for fraud, to permit judgment to be rendered upon accounts without proof.” We approve of the construction given of this section of the Code. It is founded in reason and sound policy.
The judgment will be reversed; and the cause remanded, to the end that a jury may be impanelled, to ascertain the amount due the defendant in error.